## S. L. CHAMBLISS v. JOHN A. MILLER.

An express subrogation is necessary to enable the purchaser of a tract of land to exercise the rights of his vendor against the party from whom the title was acquired, arising out of a deficiency in the quantity of the land, which would have entitled his vendor to the action of *quanti minoris.*

The vendees of a tract of land enjoined an order of seizure and sale sued out to enforce the payment of notes due by their vendors to his vendor, and secured by mortgage on the property. The petition for injunction stated that the vendors of the plaintiff became parties to the suit, and adopted the allegations of the petition—*Held :* That plaintiff's vendors could not be considered parties to the suit, as they had neither taken the oath, nor given the bond required by law to obtain an injunction.

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J.
*Sparrow & Montgomery,* for plaintiff and appellant. *Short & Parham,* for defendant.

LAND, J. This suit was dismissed on an exception, and the only question in the case is whether the facts stated in the plaintiff's petition constitute a legal cause of action in their favor.

The plaintiffs allege in their petition :

" That on the eighth day of March, 1854, *William Bailey* sold and conveyed to *Mrs. Caroline S. Bell,* widow of *Robert Bell* deceased, and to *Robert Carter Nicholas,* then of Jefferson Parish in this State, the land mentioned in the annexed copy of the act of conveyance marked (A), and which is made a part of this petition. "

" That the price agreed to be paid for said land by the purchasers, was the sum of eighty thousand dollars, in six annual installments, with eight per cent. per annum interest on each—for which they executed their six notes payable to the said *Bailey ;* and also five thousand dollars, for which the said *Nicholas* executed his individual note, payable six years after date, to his own order, and endorsed by him, and bearing eight per cent. interest—making the notes amount in all to eighty-five thousand dollars and interest, as will appear by the copy of the said act annexed. "

" That on the 31st of December, 1855, the said *Mrs. Bell,* who had purchased two-thirds of the said land, and the said *Nicholas,* who had purchased the other third thereof, sold and conveyed their respective interests therein with other property to your petitioners. "

" That as part of the price of said purchase, your petitioners assumed to pay the notes given by the said *Mrs. Bell* and *Nicholas* to the said *Bailey,* except the note due the 8th of March, 1857, upon which they only agreed to pay the sum of $4,071 33 and interest, all of which will appear by a certified copy of the said act of sale marked (B), and made a part of this petition. "

" That the tract of land conveyed by the said *Bailey* to the said *Bell* and *Nicholas,* was fraudulently represented by him to them, to contain 1740 acres, and sold guaranteed to them by him to contain that quantity, when in fact and truth it only contained 1525 acres, or 215 acres less than he sold and guaranteed to them. "

" That by reason of the said deficiency said *Bell* and *Nicholas* were entitled to a reduction of the price agreed to be paid to said *Bailey* of $12,462 and interest from maturity. "

" That *Bailey* retained a mortgage upon the land conveyed by him to *Bell* and
90

*Nicholas,* and by them conveyed to your petitioners, to secure the payment of the notes given to him, by them as before stated. "

" That petitioners assumed to pay as stated in the act of conveyance marked (B), the said notes, except that due the 8th of March, 1857, upon which they only assume to pay the sum of $4,071 33. The balance of said note being paid and compensated by the reduction in the price to which they were entitled in consequence of the deficiency in the quantity of the land. "

" That petitioners have paid the said sum of $4,071 33 so assumed by them, with the interest which had accrued thereon up to the day of payment, to-wit, the 22nd day of June, 1858. "

" That the notes due the 8th March, 1855 and 1856, have been paid in full, and the credit to which the said *Bell* and *Nicholas* are entitled for the deficiency of the land as above stated, should be placed on the said note due the 8th of Mach, 1857. "

" That although the said notes, and particularly those due the 8th of March, 1857, and the 8th of March, 1858, are payable to order, and are thus transferable by endorsement, they are liable to all defences in the hands of a third party that they would be in the hands of the said *William Bailey.* "

" That long before the maturity of the notes, and before the 10th of January, 1856, the said *Bell* and *Nicholas* gave notice by advertisement in a public newspaper of large circulation published in the city of New Orleans, where the notes were made payable, that they had good defences against them and warning all persons not to trade for the same. "

" That *John A. Miller* who resides in Washington County, State of Mississippi, moved and instigated by the advantages of an onerous discount at which the notes were to be had, in consequence of the just and legal defences the makers had thereto, and of which he had legal notice, obtained possession of the notes due the 8th of March, 1857, 1858 and 1859, and has taken out an order of seizure and sale on the said first note from your honorable court, and prayed that the lands and slaves mortgaged as before stated, should be sold for cash to pay the same, and the other notes according to the dates at which they respectively mature. "

" That the Sheriff under said order, has seized said land and slaves, and has advertised the same for sale on the 4th day of September next, as stated in the notice of seizure to your petitioners. "

" That all the said proceedings and acts of the said *Miller*, and the said Sheriff, are illegal, irregular and unjust, and that the interests of your petitioners require that the said proceedings should be arrested by an injunction, and that they will suffer an irreparable injury if the said *Miller* and Sheriff are not restrained from selling the said property which is now in their possession, or in that of their vendees, under guarantee of protection from the mortgage claimed to secure the note due the 8th of March, 1857. "

" Wherefore they pray that the defendant *Miller* and the Sheriff, be perpetually enjoined from proceeding with the sale of the mortgaged property : and that the note due on the 8th of March, 1857, be canceled and annulled, and that the mortgage given to secure the payment of the same be erased, and for general relief. "

The petition finally closes as follows :

" And *Mrs. Caroline C. Bell,* who resides in Nashville, State of Tennessee, and *Mrs. Susan A. Nicholas,* widow of the late *Robert C. Nicholas,* and tutrix of her

minor children, and in that capacity representing his succession, also become parties hereto and adopt all the allegations of the foregoing petition."

"The cause of action stated in the petition, arises out of a contract of sale between *William Bailey*, as vendor, and *Bell* and *Nicholas*, as vendees ; and the petition contains no averment, that the plaintiffs have been subrogated to the rights of the vendees, in whose favor alone the alleged cause of action exists. And besides the act of sale from the vendees *Bell* and *Nicholas* to the plaintiffs, made a part of their petition, shows that no conventional subrogation has taken place, the only mode in which they could have been invested with the right of action which they claim to exercise in this suit.

The vendees, *Bell* and *Nicholas*, cannot be considered parties plaintiffs, for the reason that they have neither taken the oath nor given the bond required by law, to obtain the writ of injunction which has been sued out to arrest the execution of the order of seizure and sale.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.

BUCHANAN, J., absent.