## M. V. B. CHASE ET AL. v. YORK COUNTY SAVINGS BANK.

### No. 395.—Decided March 9, 1896.

#### 1.  Equitable Interests—When Subject to Execution.

Equitable interests in land were not subject to execution at common law.  Trust estates were made so by Statute of 29 Charles II, sec. 3, but this act did not subject all equitable interests to sale.  Under the decisions where that statute prevails trust estates are not liable to execution against the beneficiaries, except in case of a clear and simple trust for the benefit of the debtor;  and the result of our decisions is to recognize a similar rule as to equitable estates in land under our statute. (Cases on this subject reviewed.)  (Pp. 318 to 322.)

#### 2.  Same—Fact Case.

Eleven parties having contributed in various proportions funds used to purchase nine tracts of land, which they caused to be conveyed to one of their number as trustee, united in executing an instrument releasing their interest and title to such trustee and declaring the nature of the trust to be that such person had the absolute title and right to convey, but was trustee only for the purpose of accounting to them for the proceeds of the land when sold, in proportion to the amounts respectively contributed. Held, that this instrument placed the entire title to the land, legal and equitable, in the trustee, and left no interest in any of the beneficiaries which could be taken by levy on and sale of the land under execution against them. The interest of the beneficiaries was not such an interest in the land as was subject to levy, and it could be reached only by an equitable proceeding for that purpose.  (Pp. 322, 323.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

The appeal was upon an agreed case under the statute.  French and Rice had contributed money with others to purchase the lands held by P. E. Fairbanks under the instruments and by the title shown in the opinion.  The York County Savings Bank sued them and levied attachment on their interest in the land.  All the parties in interest were brought before the court in a suit for partition and agreed that, for the purpose of winding up the trust, the land remaining unsold should be divided.  Chase et al., the plaintiffs in error, claimed in this partition suit the interests of French and Rice, by transfers from them not recorded till after the levy of the attachment.  The York County Savings Bank claimed the same interest under the attachment.  (It was agreed that their interest should be treated as though they had proceeded to sale and purchased thereunder.)  The trial court held that the interest of French and Rice was not such as could be levied on and sold, and that the levy of the attachment on all nine tracts in bulk, after the land had been divided into lots and blocks and partly sold off, was invalid, and on both grounds adjudged the interest in question to Chase et al.  The bank appealed, and the Court of Civil Appeals reversed this judgment and rendered judgment awarding the disputed interest in the land to the York County Savings Bank.  Chase et al. then procured writ of error, assigning the two points ruled in their favor by the trial court and against them on appeal as errors committed by the Appellate Court.

*Foster & Wilkinson,* for plaintiffs in error cited:  Gamble v. Dabney,

20 Texas, 76; Wallace v. Campbell, 53 Texas, 229; Railway v. Hume, 59 Texas, 47; Railway v. McDonald, 53 Texas, 516; Adoue & Lobit v. Jemison & Co., 65 Texas, 682; Brown v. Lane, 19 Texas, 203; Freeman on Executions, 2d Ed., sec. 187, p. 529; sec. 188, p. 529-536; sec. 189a, p. 535-536; secs. 118-184; McIlvaine v. Smith, 42 Mo., 45, and note to same in 97 Am. Dec., pages 305, 306, 307 and cases there cited; Rice Ads. Burnett, Trustee, 1st Spears Eq., 597; 42 Am. Dec., 336; Mitchell v. Ireland, 54 Texas, 305; Wooters v. Arledge, 54 Texas, 396; Freeman on Executions, 2d edition, sec. 281, p. 924-922; Henry v. Mitchell, 32 Mo., 512; Gates v. Christy, 4 La. Ann., 295; Dearmond v. Courtney, 12 Id., 251; Hathaway v. Larabee, 27 Me., 449; Herman on Ex., sec. 138; Moser v. Tucker, 87 Texas, 94; Daugherty v. Cox, 13 Texas, 209; Hendricks v. Snediker, 30 Texas, 296; Edwards v. Norton, 55 Texas, 410; Am. & Eng. Enc. of Law, vol. 6, pp. 668-670-673; Aycock v. Kimbrough, 71 Texas, 330; Willis & Bro. v. Sommerville, 3 Texas Civ. App., 509.

*I. M. Standifer* and *Head, Dillard & Morse,* for defendant in error.— Rev. Stats., 147, 2290; Mooring & Lyon v. McBride, 62 Texas, 309; Daugherty v. Cox, 13 Texas, 209; Edwards v. Norton, 55 Texas, 405; Hendricks v. Snediker, 30 Texas, 296; Brown v. Renfro, 63 Texas, 600; Aycock v. Kimbrough, 61 Texas, 543; Messner v. Lewis, 20 Texas, 221; Jones v. Martin, 26 Texas, 57; Railway v. Harrison, 72 Texas, 478.

DENMAN, ASSOCIATE JUSTICE.—The agreed case in the record shows that W. P. Rice having furnished $14,000, H. C. Young $6000, O. D. Baker $6000, M. H. French $6000, C. N. Seidlitz $3000, J. M. Ford $6000, P. E. Fairbanks $6000, J. J. Frey $2000, G. B. Weightman $1000, J. J. Fairbanks $3000 and P. P. Lang $1000 of the consideration for the purchase of nine tracts of land situated near Denison, Texas, caused the same to be conveyed to said P. E. Fairbanks, trustee, by deeds from various parties; that said land was so conveyed to the said P. E. Fairbanks, trustee, for the purpose and with the intention of vesting in him, the said trustee, the absolute title thereto and in order that the same might be by him disposed of and conveyed without the necessity of the others joining in said conveyances and without intending, in the use of the word "trustee" in the deed made to him, any limitations of the titles to said lands in the said P. E. Fairbanks or his absolute right to sell and convey the same or any part thereof, he to be trustee as between himself and parties furnishing the money "for the purpose only of accounting for the proceeds arising from any sale or sales of said lands or any part thereof;" that in consideration of $1.00 paid by said Fairbanks to each of the parties furnishing said consideration they "did severally remise, release and convey unto him, the said P. E. Fairbanks, and to his successors and assigns forever, all and singular their right, title and interest in and to said lands and every part thereof, to have and to hold the premises above described, together with all and singular

the rights and appurtenances thereto in any way belonging unto the said Fairbanks, his successors and assigns;" that it was agreed that as between the parties furnishing the consideration and said Fairbanks, trustee, he "should not be released from his personal obligation to account to each of them and to their assigns for the proceeds of any sale or sales of said lands or any part thereof according to their respective interests in such proceeds;" that thereafter with the consent of all said parties said trustee caused a large portion of said lands to be laid off and platted into lots, blocks, streets, avenues and alleys, such plats and maps being duly recorded, said lands not being within the corporate limits of the city of Denison, but adjoining, and designated and platted as above stated as an addition thereto, the streets and alleys of said city being extended and duly opened and dedicated through said addition to the public use; that said trustee after said subdivision was made conveyed to different parties portions of said lands, the deeds thereto being duly recorded, but the quantity of lands and the number of purchasers and prices paid are not stated.

The York County Savings Bank caused an attachment to be levied on said lands as the property of French and Rice, who had transferred their respective interests in said trust to other parties, of which transfers the bank had no notice at the time of the levy.

In a proceeding to wind up said trust and divide the proceeds and unsold property among the parties entitled, the bank claimed the interest of French and Rice under said attachment proceedings and their said transferees claimed same by virtue of said transfers. It is unnecessary to state the circumstances showing how the question arose in the court below, but it will suffice to say that the principal and only question we deem it necessary to determine is whether the respective interests of French and Rice in said trust were subject to levy under a writ of attachment.

The trial court decided the question in the negative and rendered judgment in favor of said transferees, but the Court of Civil Appeals decided it in the affirmative and reversed the judgment of the trial court and rendered judgment for the bank. The transferees assign as error here this ruling of the Court of Civil Appeals.

Art. 200, R. S., 1895, provides that "the writ of attachment may be levied on such property, and none other, as is or may be by law subject to levy under the writ of execution." In order therefore to determine whether the interest of French and Rice in the trust was subject to levy under the attachment we must ascertain whether it was subject to execution.

That equitable interests were not subject to execution at common law is elementary.

In order to enable creditors to subject to the payment of their debts such interests of their debtors in lands as were held by others in trust for them, the Statute of 29 Charles II., ch. 3, provided "that it shall be lawful for every sheriff or other officer to whom any writ or precept shall be

directed, upon any judgment, etc., to do, make and deliver execution unto the party in that behalf suing, of all such lands, tenements, etc., as any other person or persons shall be seized or possessed in trust for him against whom execution is so issued, etc." In Doe v. Greenhill, 4 Barn. & Ald., 684, Abbott C. J. in construing this statute said: "This statute made a change in the common law, and, up to a certain extent at least, made a trust the subject of inquiry and cognizance in a legal proceeding. We think the trust that is to be thus treated must be a clear and simple trust, for the benefit of the debtor; the object of the statute appearing to us to be merely to remove the technical objection arising from the interest in lands being legally vested in another person, where it is so vested for the benefit of the debtor."

In construing the same statute enacted in New York, Spencer Ch. J. (Bogert v. Perry, 17 Johns. R., 351) said: "It cannot admit of a doubt that the statute embraces those cases only, where the entire estate, out of which the use arises, vests in the cestui que use, in consequence of his having paid the whole consideration money; and I have met with no case or dictum countenancing the doctrine of a divided use, vested in the vendor and vendee," and held that the interest of the vendee in a contract for the sale of land who had paid only a part of the purchase money was not subject to execution.

In Lynch v. Utica Ins. Co., 18 Wend., 236, Lynch devised his estate to executors in trust (1) to pay debts, (2) to raise $60,000 and invest same in securities and out of the income thereof to pay his wife an annuity of $3000 and reinvest the surplus, (3) to raise $10,000 to be divided between two persons named, (4) to divide the residue, real and personal, equally between his son, James Lynch, and seven others.

In passing upon the same statute Nelson, Ch. J., said, "I do not entertain a doubt that the estate of Lynch under the will is an interest that could not have been sold on execution within the statute. It is settled according to several authorities, and one of them in this court, that the statute only extends to clear and simple trusts for the benefit of the debtor. 17 Johns. R., 351; 1 Johns. Ch. R., 52; 4 Barn. & Ald., 684, 4 Bing., 96. In Bogert v. Perry, Spencer, Ch. J., said that it was intended to subject to execution the real estate or hereditaments of a person having the entire interest therein, but which was nominally and formally vested in another. The case in Bingham is not unlike the present one. There the lands were vested in trustees in trust for the judgment debtor, subject to £10,000 to be raised for another, and which had not yet been raised. The court held that the interest of the cestui que trust was not liable within the statute, as it was not simply the debtor's, but held jointly with another (the person entitled to the portion of £10,000)."

In Bristow v. McCall, 16 S. C., 545 (1881), the testator devised his real estate to executors in trust for his son and daughter, stating: "I hereby direct my executors to divide my lands equally between my son E. and daughter D. and permit each to use, possess and enjoy his other half

in severalty during his or her natural life, and after the death of either that they divide the share of each among his or her children equally." The executors divided the land as directed between E. and D., and each went into possession of the share thus allotted. Thereafter E.'s interest was levied upon and sold under execution. The court held that the purchaser took no title by such sale under a statute similar to the one above quoted, saying: "The trust interest referred to, it is true, is not very distinctly defined in the act, nor is it clearly pointed out in the decisions. But it is concluded that it must be a clear and simple trust and for the benefit of the debtor alone, the object of the statute being merely to remove the technical objection arising from the interest in the land being legally vested in another person, where it is so vested for the benefit of the debtor. Doe v. Greenhill, 4 Barn. & Ald., 684; White v. Kavanagh, 8 Rich., 395. A simple trust is said by the authorities to be (Lew. Trusts, 21; Bouv. Inst. S., 1900) 'a trust corresponding with the ancient use; and it exists where property is simply vested in one person for the use of another, and the nature of the trust, not being qualified by the letter, is left to the construction of the law.' A trust of this kind, for the benefit of the debtor alone, and not jointly with others, would fall under this section, but if others were interested, that fact would exclude the application of the statute."

In Love v. Smathers, 82 N. C., 369 (1880), A., having paid part purchase money for land, gave his note for the balance with B. and C. as sureties and had the title made to B., who agreed to pay the balance purchase money. It was held that A.'s interest was not, under a statute similar to the ones above, a pure trust subject to execution, but was mixed with the interest of B., the court saying: "A trust estate of a debtor in land could not be levied on and sold under execution until the act of 1812, nor under that act, if it was to be raised by construction of a court of equity, by reason of fraud, or being an express or implied trust in an honest transaction, unless the debtor, at the time of the sale, was in such situation as to have the legal title decreed to him if he were to sue for it." See Freeman on Executions, 2 id., secs. 187-8; McIlvaine v. Smith, 96 Am. Dec. and note, 303 to 315.

We have no statute in Texas similar to the ones discussed in the above cases expressly authorizing the sale of trust estates under execution. Our statute in reference to executions, however, does provide that "when a sale has been made and the terms thereof complied with, the officer shall execute and deliver to the purchaser a conveyance of all the right, title, interest and claim which the defendant in execution had in and to the property sold."

In construing this statute in 1854, in the case of Daugherty v. Cox, 13 Texas, 209, this court, through Lipscomb, Justice, say: "They insist that under the broad terms used of interest and claim, an equitable interest would be included. This may be correct in part; it may be that an equitable claim to title or a resulting trust, may be sometimes subject to sale by execution, and yet every equity not subject to sale. If, for

instance, a purchaser had paid for the land and taken a bond for title, the land would be subject to execution against the purchaser, because there would be nothing uncertain,—nothing to be done on the part of the purchaser nor on the part of the vendor, but to make title. If, however, other things were to be done by the parties, as in this case, a selection was to be made out of a particular but large tract, until these things were done there would be no such equity to any particular land as would make it subject to the levy of an execution against the holder of such equity * * (citing Bogert v. Perry, supra.). It could not be contended that our statute in the article cited went further than the statute 29 Charles II. in subjecting equities and trust estates to execution, and perhaps its terms would go as far, but that would not be far enough to subject such an equity as the one claimed to be subject to execution in this case."

In Hendricks v. Snediker, 30 Texas, 307, this court questioned the validity of an execution sale of the equitable interest of a person in lands growing out of a right to specific performance of a voluntary agreement to convey followed by valuable improvements made relying upon such agreement, saying through Moore, Ch. J.: "Would the equitable rights of the party making improvements under such circumstances be subject to levy and sale under execution? The rights of such a party are more or less indefinite and uncertain until they have been fixed by the decree of the court. They seem much more in the nature of an uncertain and undetermined claim or demand against the holder of the title to the land, than a title or interest directly in it. If uncertain interests of this sort are subject to sale under execution, evidently they must be made at ruinous sacrifices to debtors, and without effecting the purpose of the law in satisfying the claims of creditors. The position of such party is not like that of one holding under a contract, with specific and definite conditions and stipulations. The right to a decree in each case of this kind must depend on its own peculiar circumstances. An equitable interest in lands may no doubt be the subject of execution sale, but this is not the case in respect to every equitable interest."

On the authority of this case a similar sale was held void in Edwards v. Norton, 55 Texas, 410.

In Moser & Son v. Tucker & Co., 87 Texas, 94, this court, through Stayton, Ch. J., say: "It is not, however, every interest in property a debtor may have right to or to acquire that may be subjected to sale under execution or otherwise for payment of his debts; for in many instances his right is so remote and contingent that it is deemed more likely to subserve the ends of justice not so to subject it, than to take the risk of sacrifice of contingent right by procedure which will most likely be of no practical benefit to the creditor or may be ruinous to the debtor."

Thus we see that this court, being called upon at an early day to determine whether our statute authorized the levy of an execution upon all

equitable interests in land, held in Daugherty v. Cox, supra, that it did not, and that it went no further than the English statute.

This is in accord with the construction placed upon a similar provision elsewhere. Goodwin v. Anderson, 5 S. & M. (Miss.), 730.

While this court has never undertaken to lay down any general rule by which it might be determined whether a given equity could under the statute be subjected to execution, it is believed that its decisions of the particular cases which have come before it are in harmony with the current of authority elsewhere, unless it be different in allowing of the interest of the purchaser under a contract for sale of land, where only a part of the purchase money has been paid, to be thus subjected. Mooring & Lyon v. McBride, 62 Texas, 309; Bogert v. Perry, 17 Johns. R., 351; Hopkins v. Carey, 23 Miss., 59; Hinsdale v. Thornton, 74 N. C., 167.

The principle upon which the decisions limiting the operation of the statute to "a clear and simple trust, for the benefit of the debtor," rests is fully recognized by our decisions and is thus well stated by Chief Justice Moore in the case above cited: 'If uncertain interests of this sort are subject to sale under execution, evidently they must be made at enormous sacrifices to debtors, and without effecting the purpose of the law in satisfying the claims of creditors."

According to the agreed case before us, the parties furnishing the money to purchase the land, in the exercise of their legal rights to make such contracts and disposition of their property as they deemed proper, there being no claim of an intent to injure creditors in the creation of the trust, caused to be vested in the trustee Fairbanks the "absolute title" to the property with full power of sale, and provided that the word "trustee" used in the deed with reference to him, should not have the ordinary effect of limiting his title or right to sell, but that he was to be trustee "for the purpose only of accounting for the proceeds arising from any sale or sales of said lands or any part thereof," and that he "should not be released from his personal obligation to account to each of them and to their assigns for the proceeds of any sale or sales of said lands or any part thereof according to their respective interests in such proceeds." It is clear that it was the intention of all parties to so place the entire title, legal and equitable, to the land in the trustees that it would be absolutely beyond the control of either of the cestui que trusts, such cestui que trust to have only the right to demand an accounting of the trustee. The legal effect of the arrangement was to leave in each cestui que trust, not any title legal or equitable in the land, but a mere right in equity to demand an accounting of the proceeds of the sales of the land. Doubtless a court of equity would, in certain contingencies not contemplated by or provided for in the agreement of the parties, such as fraud on the part of the trustee, or a total failure of the objects contemplated by the trust, such as inability to sell the land for sufficient to defray probable expenses, or any other state of facts justifying the dissolution of the trust, treat this mere equitable right of demanding an

accounting under the agreement, as entitling each cestui que trust to a participation in the division of the trust property itself upon such dissolution; but in the absence of such a contingency equity could not recognize the cestui que trust as having any interest in the land, as such, without doing violence to the lawful agreement by which the cestui que trust and the trustee respectively restricted and regulated the rights of each party interested in the trust and without which it probably would not have been created. We have found no case holding such an interest subject to execution and to so hold would be going beyond the authorities.

It is not claimed that any such contingency had arisen at the time of the levy. We are therefore of the opinion that the equitable interests of French and Rice in the trust were not subject to the levy, and that they could have been reached only by an equitable proceeding for that purpose. Hinsdale v. Thornton, 75 N. C., 382; McIlvaine v. Smith (42 Mo., 45); 97 Am. Dec., 295 and note. We are not called upon to determine whether the levy would have been valid if such a contingency as would have justified a court of equity in dissolving the trust had arisen before the time of the levy. We have only considered the case presented. We regard art. 2291, R. S. (1879), as restricting the right of levy on such trusts as would be otherwise liable and not as granting any additional rights to levy. The judgment of the Court of Civil Appeals will be reversed and the judgment of the trial court will be affirmed.

*Judgment of Court of Civil Appeals reversed and judgment of District Court affirmed.*

BROWN J., not sitting.