**BRINKMAN et al. v. TINKLER.**

No. 10272.

Court of Civil Appeals of Texas. San Antonio.

April 27, 1938.

Rehearing Denied May 25, 1938.

140

Baird & Smith, of Mission, for appellants.

Leon Greenebaum, of Kansas City, Mo., and Kelley, Looney & Norvell, of Edinburg, for appellee.

SLATTON, Justice.

W. F. Tinkler filed suit in trespass to try title against Pauline Brinkman and her husband, J. George Brinkman, to recover title and possession of land situated in Hidalgo County, Texas. J. George Brinkman filed a disclaimer. Pauline Brinkman pleaded not guilty and affirmative defenses, and by way of cross-action sought the recovery of the land and premises against Tinkler. A jury trial resulted in a directed verdict in favor of Tinkler and against Pauline Brinkman, hence this appeal.

Del Monte Orchards Company was the common source of title. Tinkler's title was predicated upon the following instruments, to-wit:

1. Warranty deed from J. George Brinkman to Del Monte Orchard Company;

2. Quit-claim deeds from Vernon B. Hill to Del Monte Orchard Company;

3. Warranty deed from Del Monte Orchards Company to John V. Brinkman, dated June 21, 1932, recorded April 29, 1935, conveying 644.31 acres of land;

4. Warranty deed from Del Monte Orchards Company to John V. Brinkman, dated June 21, 1932, recorded April 29, 1935, conveying 230.98 acres;

5. Abstract of judgment issued in Cause No. A–2690, M. W. Glass v. J. George Brinkman, in the 92d District Court of Hidalgo County, Texas, filed for record the 6th day of November, 1935, said judgment being for the sum of $899.10;

6. Lis pendens notice in Cause No. A–2753, styled M. W. Glass v. J. George Brinkman, et al., filed for record November 21, 1935;

7. Final judgment entered in Cause No. A–2753, styled M. W. Glass v. J. George Brinkman and J. V. Brinkman, on June 1, 1936;

8. Order of sale issuing out of said cause No. A–2753;

9. Original sheriff's return on said order of sale;

10. Sheriff's deed executed by R. T. Daniel, Sheriff of Hidalgo County, Texas, conveying the land to W. F. Tinkler; together with recorded maps and plats of Del Monte Orchards Company Subdivision.

The appellants' title was based upon, in addition to some of the instruments hereinbefore recited, the following, to-wit: A contract between Pauline Brinkman, Henry S. Conrad and Del Monte Orchards Company; contract dated June 21, 1932, between John V. Brinkman and Stella W. Brinkman, of the first part, and Del Monte Orchards Company of the second part; deed executed by John V. Brinkman to Pauline W. Brinkman, dated June 21, 1932, filed for record August 3, 1936.

Appellants assert that the judgment in cause No. 2753, M. W. Glass v. J. George and John V. Brinkman is void and therefore no title passed to Tinkler at a judicial sale held thereunder. It appears that M. W. Glass obtained a judgment against J. George

Brinkman in cause No. 2690 for the sum of $899.10, which was abstracted on the 6th day of November, 1935, at which time the record title to the land stood in the name of John V. Brinkman. Subsequently, in November, 1935, Glass filed suit in the 92d District Court of Hidalgo County against J. George and John V. Brinkman for the purpose of subjecting the land which stood in the name of John V. Brinkman to the judgment lien held by Glass against J. George Brinkman, on the theory that while the record title to such land was in John V. Brinkman, J. George Brinkman was the actual owner of the same; and judgment granting the relief prayed for by Glass was rendered by the court, and the abstracted judgment lien was foreclosed and at the judicial sale held thereunder W. F. Tinkler was the purchaser of such land.

Pauline F. Brinkman claims under an unrecorded deed from John V. Brinkman. John F. Brinkman was a party to the judgment entered in Cause No. 2753, therefore her attack upon the judgment entered in cause No. 2753 is deemed to be collateral. In her pleadings in the instant suit she makes no attack upon said judgment. Her principal attack here is that because the judgment in cause No. A–2690, Glass v. J. George Brinkman, was the basis of the judgment entered in cause No. A–2753, and the judgment in the first case not being dormant, it would not authorize a judgment in cause No. A–2753.

■ It may be conceded that the general rule is that a judgment must be dormant before it would furnish a basis for a cause of action in this State; however, some of the authorities recognize an exception to this rule where the facts show that a judgment debtor could place himself in a better position to collect his judgment debt.

■ Another objection that Mrs. Brinkman makes here is that the judgment in cause No. A–2753, shows upon its face that it authorizes a foreclosure of a judgment lien against a person who was not the holder of the record title to the land. These questions may be proper to have been presented in cause No. A–2753, or in a proceeding by Mrs. Brinkman for the purpose of making a direct attack upon the judgment rendered in cause No. A–2753. It is our opinion that such objections are not efficiently presented in this action absent pleadings setting up grounds for such attack. It is undoubtedly true that a mere equity in land is not subject to a writ of execution, yet we are of the opinion that a suit may be brought for the purpose of subjecting property owned by a judgment debtor to the payment of his debt. Chase v. York County Savings Bank, 89 Tex. 316; 36 S.W. 406, 32 L.R.A. 785, 59 Am.St.Rep. 48. If the judgment in cause No. A–2753 is voidable in the absence of any pleading, appellant, Pauline F. Brinkman would gain no advantage in this proceeding because of such defects. Ives v. Culton, Tex.Civ.App., 197 S.W. 619; Id., Tex.Com.App., 229 S.W. 321.

■ Appellant asserts that the land involved was defectively described in the judgment of foreclosure and the sheriff's deed under the foreclosure sale, and that such defects render the sale void. There is no merit to this contention. Roberts v. Dryer, Tex.Civ.App., 200 S.W. 1097, writ refused.

■■ It is next contended by the appellant that under her unrecorded deed from John F. Brinkman, dated before the judgment lien which was foreclosed in the Glass suit, she had title to the land, and Tinkler having notice of her title at the time of his purchase at judicial sale, the trial court erred in directing a verdict against her. The abstract of judgment in cause No. 2690 was recorded on the 6th day of November, 1935; lis pendens notice in cause No. A–2753 was recorded on the 21st day of November, 1935; and the levy was made on the 25th day of June, 1936. Mrs. Brinkman's deed from John V. Brinkman was not filed for record until August 3, 1936, and, according to her pleadings and proof, notice was given on the date of the judicial sale, that is, on the first Tuesday in August, 1936. The deed under which she asserts the superior legal title is void under article 6627 of the Revised Civil Statutes of Texas; also, the notice given at the sale was ineffectual, for the reason that it is well settled that the rights of a purchaser at an execution sale take effect as of the date the judgment creditor's lien or rights attach to the property. Mainwarring v. Templeman, 51 Tex. 205; Diltz v. Dodson, Tex.Civ.App., 207 S.W. 356.

■ Appellant also contends that under the evidence she holds a superior equitable title to the land, and that such equitable title is not subject to the recording laws of Texas. Appellee, Tinkler, having shown a legal title to the property involved in virtue of the judgment order of sale and deed in cause No. A–2753, if the appellant seeks to re-

cover upon the theory of a superior equitable title, so as to avoid the effect of the recording statutes, she must assume the burden of proof and show the superiority of her equitable title, and notice of such title to appellee, Tinkler. Tarkenton v. Marshall, Tex.Civ.App., 91 S.W.2d 473.

The contracts and deeds referred to in our statement of the appellants' chain of title, according to the proof, were made, executed and delivered at the same time, and should be treated as one transaction. It is our opinion that such instruments fail to show a superior equitable title in appellant. If it could be said that such instruments showed a superior equitable title in Mrs. Brinkman there was also the deed from John F. Brinkman to Mrs. Brinkman which conveyed the legal title. It was recited in one of these contracts that the deed from John V. Brinkman to Pauline F. Brinkman was not to be recorded. In the case of Wheeler v. Haralson, 128 Tex. 429, 99 S.W.2d 885, our supreme court say (page 886):

"Mr. Pomeroy, in his Equity Jurisprudence, points out with much clearness that fundamentally there can be no trust in real property without a separation of the legal title from the beneficial interest, or equitable title. This rule is stated in numerous cases cited in 65 Corpus Juris, p. 618, § 7, under note 97. In the case of McCamey v. Hollister Oil Co. (Tex.Civ.App.) 241 S.W. 689, affirmed in 115 Tex. 49, 274 S.W. 562, the same rule is announced."

It is next contended by the appellant that under her plea of the three-year statute of limitation and the proof adduced thereunder, the trial court erred in directing a verdict against her. Her proof under the three-year statute of limitation failed in that she did not connect her title to the sovereignty of the soil. Articles 5507 and 5508 Revised Statutes, 1925.

Finally it is contended by the appellant that appellee, Tinkler, having purchased the property involved at sheriff's sale for a grossly inadequate price that such sale is void. She alleged no fraud or irregularity in the conduct of the sale. In the case of Gregg v. First National Bank, Tex. Com.App., 26 S.W.2d 179, the court say (page 181):

"It is further claimed that the execution sale should be held invalid because the property was sold in bulk, which caused it to bring a grossly inadequate price. It is the settled law in this state that an execution sale will not be set aside solely upon the ground that the property sells for a grossly inadequate price." Citing authorities.

We have examined all assignments and propositions presented by the appellant and are of the opinion that the same are without merit.

Accordingly, the judgment of the trial court is affirmed.