### TAYLOR et al. v. HERRIN et al.
### No. 10753.

Court of Civil Appeals of Texas. Galveston.

March 30, 1939.

Rehearing Denied May 4, 1939.

Crow & Chessher, of Groveton (C. C. Chessher, of Groveton, of counsel), for plaintiffs in error.

Russell & Edwards, of Nacogdoches, for defendants in error.

CODY, Justice.

Defendants in error on December 23, 1936, brought this suit in trespass to try title to a 56-acre tract of land in Trinity County against plaintiffs in error. The case was tried without a jury, and the result was a judgment for defendants in error. At plaintiffs in error's request the court made findings of fact and conclusions of law. The substance of the facts found by the court is as follows:

On November 15, 1920, defendant in error Fannie P. Herrin (nee Warner), who was then a feme sole, owned the land in controversy, and on that date made the following contract with her brother-in-law (the husband of a sister), L. R. Bell:

"The State of Texas,}
"County of Trinity. }

"Know All Men by These Presents: That, Whereas, L. R. Bell of said County and State has this day executed and delivered to Fannie P. Warner of the County aforesaid his eight certain promissory notes for the sum of Two Hundred ($200.00) Dollars each, due on or before December 1, 1921, 1922, 1923, 1924, 1925, 1926, 1927 and 1928 being the consideration given for a certain tract of land hereinafter described:

"Now, therefore, I, the said Fannie P. Warner, in consideration of the premises hereby acknowledge myself bound to convey to the said L. R. Bell upon the payment of said notes being well and truly made by delivering to the said L. R. Bell, or his assigns a good and sufficient general warranty deed conveying in fee simple the following described tract of land situated in the County of Trinity and State of Texas, and described by metes and bounds as follows: (The description is omitted as having no bearing on this appeal).

"Witness my hand this 15th day of November, A. D. 1920.

"Fannie P. Warner.
"(Duly Acknowledged)"

The first four of the series described in the foregoing were paid off, but on April 24, 1931 (at which time Mrs. Herrin had become a married woman), the remaining four notes were unpaid, which, together with the unpaid interest thereon, amounted to $961.92, and such unpaid principal and interest was then renewed and extended, together with the vendor's lien securing the payment of such notes. This extension agreement was duly recorded; the contract of sale was never recorded, and plaintiffs in error saw it for the first time at the trial.

After the contract of sale was executed and delivered to L. R. Bell, he went into possession of the 56 acres of land, and used and cultivated them, and paid taxes on them. Then, on January 6, 1934, defendant in error, Trinity State Bank, caused a writ of attachment to be levied on such land as the property of L. R. Bell; and thereafter, on September 12, 1935, judgment was rendered in favor of the Bank and against Bell for $11,049.74, and for foreclosure of the Bank's attachment lien theretofore acquired on the 56 acres by levy of the writ, and the land was bought in by the Bank at such foreclosure sale on November 5, 1935, for $750. And the sheriff's deed to the Bank was recorded forthwith.

On February 16, 1934, which was after the Bank's writ of attachment had been levied thereon, L. R. Bell and wife executed a deed of conveyance to Mrs. Herrin to two certain lots in the town of Trinity, on which they resided, and which was their homestead. This deed recited that it was given in consideration of the cancellation of the four notes which had theretofore been renewed and extended. The court found, however, that this deed was caused to be recorded by L. R. Bell, and after being recorded was returned to him from the county clerk's office, and remained in his possession until July or August of 1936, when it was delivered to Mrs. Herrin by her sister, Mrs. Bell. And Mrs. Herrin, joined by her husband, on February 13, 1937, reconveyed the two lots to Bell and wife, and it was recited in the reconveyance that said two lots had been conveyed to Mrs. Herrin without her knowledge or consent, and without consideration. On August 26, 1936, the Bank deeded the property to plaintiff in error, Lee Taylor, who has remained in its possession ever since.

The court filed the following conclusions of law:

"1. That contract for the sale of the land sued for, executed by Fannie P. Warner (Now Fannie P. Herrin), conveyed no title to L. R. Bell, but only gave him the right to have a deed executed by him when the contract of sale was executed.

"2. The deed from L. R. Bell and wife to Fannie P. Herrin, purporting to convey to her two lots in the Town of Trinity in payment and cancellation of the notes then held by her against L. R. Bell, and the lien against the land sued for herein, was not delivered to Mrs. Herrin, was not accepted by her, and did not bind her in any way. She was not estopped from claiming that the notes held by her against L. R. Bell had not been paid.

"3. The sheriff's deed to Trinity State Bank conveyed no title to Trinity State Bank.

"4. Lee Taylor received no title by the deed from Trinity State Bank. He was not an innocent purchaser without notice of the title of Fannie P. Herrin.

"5. Fannie P. Herrin has the right to recover the title to the tract of land sued for against Trinity State Bank and Lee Taylor."

Plaintiffs in error do not contest the findings of fact made by the court. Their complaint is against the court's conclusion to the effect that no title of any kind passed to Bell under the contract of sale of November 15, 1920, and also against the conclusion that the interest of Bell was not of a character that was subject to execution.

■ We agree with both of plaintiffs in error's contentions. The contract of sale of November 15, 1920, was valid and enforceable, and therefore vested Bell with an equitable title to the 56 acres. As was said by the court in Leeson v. City of Houston, 1922, Tex.Com.App. 243 S.W. 485, 488:

"By the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale until actual delivery of a deed to the property still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, from the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him. * * *"

" 'Since equity regards that as done which ought to be done, the rule is well established that where a valid, and therefore enforceable, contract for the sale of land has been made, the land becomes the property of the vendee from the execution of the contract. Consequently, as is stated in the above opinion, the great weight of authority supports the proposition that the destruction of buildings upon the land, or any deterioration of the property, between the time of the execution of such contract and the time fixed for the completion thereof, must be the loss of the vendee, and not of the vendor.' "

See also Alworth v. Ellison, Tex.Civ. App., Eastland, 27 S.W.2d 639; Dimmitt Elevator Co. v. Carter, Tex.Civ.App., Amarillo, 70 S.W.2d 615.

■ Chase v. York County Savings Bank, 89 Tex. 316, 36 S.W. 406, 32 L.R.A. 785, 59 Am.St.Rep. 48, is sufficient authority for the proposition that the interest of a purchaser under a contract for sale of land, where only a part of the purchase money has been paid, can be subjected to execution.

■■ But we fail to see how the decision of these points in favor of plaintiffs in error's contention would require a reversal of the trial court's judgment. For, even though the equitable title to the 56 acres passed to the Bank on the foreclosure of its attachment lien, the Bank held title on the same terms as did Bell, to whose title it became successor; namely, subject to the obligation to perform Bell's contract of purchase by paying off the remaining four vendor's lien notes. And, of course, plaintiff in error, Lee Taylor, acquired the same interest that the Bank owned. Mrs. Herrin never at any time released the vendor's lien securing the payment of the last four notes of the series of eight notes which Bell was obligated to pay by his contract of purchase. And the trial court held that the deed which was placed of record by Bell, purporting to convey the two lots in the town of Trinity to Mrs. Herrin in satisfaction of the four remaining notes, was never accepted by her. Plaintiffs in error do not contend there is not sufficient evidence to sustain this holding. Indeed, their position is

948

that Mrs. Herrin was estopped, as a matter of law, from repudiating the conveyance to her of the two lots. In the absence of any active holding out by Mrs. Herrin that she was abandoning her rights in the 56 acres, the question is whether she acted with reasonable promptness under the circumstances in repudiating such conveyance. And this was a question of fact.

The filing of the suit by Mrs. Herrin, joined by her husband, to recover the land in trespass to try title, was notice to the defendants in the suit that she was rescinding the contract of sale and undertaking to recover her superior title free of the unperformed contract. No tender was made to her of the balance of the amount due her under such contract. The contention of plaintiffs in error was that the two lots, purportedly conveyed to Mrs. Herrin in satisfaction of the unpaid notes, must, in some fashion, be taken into account by way of lessening the amount which must be paid to Mrs. Herrin to prevent her from rescinding the contract of sale. That she had the right to recover the 56 acres in trespass to try title as against Bell for failure to perform the contract of purchase is apparent, and requires no citation of authority. Plaintiffs in error failed to show that Lee Taylor occupied any better or superior position by which he could defeat her right to recover except by paying the balance of the purchase price due under the contract of sale, and this Taylor did not do, nor offer to do.

Judgment affirmed.