On Motion for Rehearing.
As appears from the Chase case, Chase v. Bank, 89 Tex. 316, 36 S.W. 406, 32 L.R.A. 785, 59 Am.St.Rep. 48, cited in our original opinion, not every interest in property was subject to execution at common law. Equitable interests and estates were not subject, to. execution for the technical reason that a writ of execution issued only from law courts where equitable interests were not cognizable. This technical obstacle to subjecting equitable interests to execution, as appears from our original opinion, was removed by an act of Parliament passed in the reign of Charles II. This act resulted in making the property of a defendant in judgment, which he held by equitable title, subject to execution; it did not make mere equities, by which a defendant might acquire title to property or receive other relief, subject to execution, or expressed perhaps more conventionally, the act aforesaid subjected to execution property held by a defendant-in-judgment by a present vested equitable right, but did not affect equitable rights which were not "vested in possession but lay only in action, and which could become vested only after judgment had thereon. From the Chase case it is evident to us that our Supreme Court regards the aforesaid act of Parliament as forming a part o'f the common law of England relative to executions, and which was adopted as the rule of decision by the Legislature.
.In order, therefore, for appellants to have shown that the property sold at execution sale, was not subject to execu» tion, they would have had to have shown either that it was a mere equity, as distinguished from an equity title to property, or that it was property that had been made exempt by statute or constitution, changing the common law relative to executions. It is not pretended that Brasfield owned a mere equity to acquire title. He owned *987 the fee simple title to the oil rights in %ths of the mineral, less the working-interest, at the time of the execution sale.
We adhere to the views expressed in our former opinion; and for those reasons, and for these reasons, appellants’ motion for rehearing is refused.
Refused.