NATIONAL CASH REGISTER CO. *v.* HOSIER.

1. FRAUD—WRITTEN CONTRACTS—PROMISES—NEGOTIATIONS MERGED IN WRITING.

In action on note given as part payment of cash register purchased on printed contract form, where defense was that defendant's signature to note was obtained by false representations that plaintiff would furnish and install record keeping system and card index system, and that same was not furnished, plaintiff was entitled to instruction that negotiations between parties before signing of written instrument are not to be construed to change or vary its terms; that such negotiations are merged in writing; and that when parties put their agreements in writing such writing is evidence of what their agreement was.

2. SAME—PROMISES AS TO FUTURE DO NOT CONSTITUTE FRAUD UNLESS THERE IS NO INTENT TO PERFORM THEM.

Promises by seller's agent to furnish something in addition to article purchased under written contract do not pertain to existing fact, and therefore would not constitute fraud releasing purchaser from liability under said contract unless, at time said promises were made, there was no intent to perform them, and they were made for purpose of perpetrating fraud.

3. SAME—TRIAL—INSTRUCTIONS.

Submission of case to jury in same manner as though alleged misrepresentation claimed by defendant to have been made by plaintiff's agent had been made concerning material existing facts, when misrepresentation, if made, related to something to be done in future, was reversible error.

4. SAME—FRAUD MAY BE SHOWN NOTWITHSTANDING RECITAL IN CONTRACT THAT IT COVERS ALL AGREEMENTS BETWEEN PARTIES.

Alleged misrepresentations by seller's agent as to something to be done in future, if made with no intent to perform them. may be interposed as defense in action on note given in part payment, notwithstanding provision in written contract that it covers all agreements between the parties.

5. EVIDENCE—FRAUD—TESTIMONY AS TO PRIOR SALE ADMISSIBLE—INTENT.

In action on note given as part payment for cash register, where defense was fraud, testimony relative to sale of another machine by plaintiff to defendant a short time prior to present transaction was admissible because second transaction was inseparably connected with adjustment of first, and also for its bearing on question of intent.

Error to Van Buren; Warner (Glenn E.), J. Submitted June 6, 1930. (Docket No. 63, Calendar No. 34,991.) Decided October 3, 1930.

Assumpsit on a promissory note by the National Cash Register Company against Oliver J. Hosier. From verdict and judgment for defendant, plaintiff brings error. Reversed and new trial ordered.

*Fox & Fox,* for plaintiff.

*David Anderson,* for defendant.

NORTH, J. Plaintiff brought suit on defendant's promissory note given to it in part payment of a cash register. The defense was that the alleged sale was made and the note secured by plaintiff's agent by means of false and fraudulent representations. The jury rendered a verdict in favor of defendant; judgment was entered thereon; and plaintiff reviews by writ of error. The assignments of error challenge the rulings of the court as to the admissibility of testimony, the correctness of the charge of the court to the jury, and the refusal of the court to give plaintiff's requests to charge, including a request for a directed verdict.

Notice was given by defendant under his plea of general issue that his signature to the note was obtained by false and fraudulent representations in that the plaintiff represented to him that it would furnish and install for him a record keeping system and index card system, and that the same was not furnished or installed. Defendant's order for the cash register was taken on a printed form provided by plaintiff, in which there was no reference to furnishing or installing the system or keeping the records and accounts referred to in defendant's notice. The order contained this provision: "This contract covers all the agreements between the parties and shall not be countermanded." It is plaintiff's claim that all of the testimony offered in support of the alleged misrepresentations pertained merely to statements of a promissory character and not to misstatements of material existing facts; and that such misstatements, if made, constituted a part of the

negotiations which ultimately resulted in the written contract between the parties and were merged therein.  Plaintiff presented the following requests to charge:

"4.  Negotiations between the parties before the signing of the written instrument are not to be construed to change or vary its terms.  Such negotiations are merged in the writings.  When parties put their agreement in writing, such writing is the evidence of what their agreement was.

"6.  To make a misrepresentation in this case fraudulent it is necessary that the misrepresentation be made of something that then exists, in other words, an existing fact, and if the claimed misrepresentations simply relate to something to be done in the future, it is not a fraudulent misrepresentation of an existing fact but a promise, and a breach of promise even if a promise were made in this case would not justify a verdict for the defendant.

"7.  There is no claim in this case on the part of the defendant that any of the claimed misrepresentations were made in bad faith and with no intent to carry them out, nor is there any claim that they were part of a fraudulent scheme, and therefore I charge you that no fraudulent misrepresentation has been proven by the defendant.

"11.  Even if you should find that the representations as claimed by the defendant were made, and even if you should find that they were not in fact carried out, yet this would not constitute fraud and would not justify your rendering a verdict for the defendant."

Under the record presented in this case request number four above quoted should have been given.  This was not done, nor was it covered by the general charge of the court.  While we are not prepared to say that the other three requests above quoted

should have been given without some modifications or qualifications, nonetheless these requests challenged the court's attention to the theory upon which this case should have been submitted to the jury and to the only theory applicable to the defense urged. If the misrepresentations urged as a defense were made, it is obvious they did not pertain to existing facts. Instead, they were merely promises to furnish the defendant something in addition to the cash register which he purchased under the written contract, incident to which the note in suit was given. Such misrepresentations would not constitute a fraud which would release the defendant from his contract and note unless, at the time these promissory statements were made by plaintiff's agent, there was no intent to perform them, but instead they were made for the purpose of enabling plaintiff's agent to perpetrate the fraud asserted by the defendant. This aspect of the law was not touched upon in the charge to the jury. Instead, the case was submitted in the same manner as though the alleged misrepresentations had been made concerning material existing facts. This was not justified by the proofs, but there was evidence which would have justified the court in submitting the case to the jury in the manner above indicated. See *Crowley* v. *Langdon*, 127 Mich. 51; and *J. B. Colt Co.* v. *Cousino*, 226 Mich. 518.

Plaintiff urges that the provision in the written contract that it "covers all agreements between the parties" forecloses the defendant from urging the alleged fraudulent representations as a defense. This position is not tenable. *Plate* v. *Detroit Fidelity & Surety Co.*, 229 Mich. 482.

Appellant also complains of the admission of testimony relative to the sale of another cash register

by plaintiff to defendant a short time prior to the. transaction incident to which the note now in suit was given.   This testimony was admissible because the second transaction was inseparably connected with an adjustment of the first, and also because the challenged testimony was relevant to the question of intent.

For the reasons hereinbefore indicated, the judgment entered in the circuit will be set aside and a new trial ordered, with costs to appellant.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, and FEAD, JJ., concurred.   SHARPE, J., did not sit.