## Martin Seiber v. Jefferds Price.

*Declaration: Alternative contract: Assignment of breach.* In a declaration on an alternative undertaking by the defendant, to collect and pay over the money on certain notes by a day specified, or thereafter to pay the sum from his own means, an averment of non-payment after the specified day is a sufficient assignment of breach, after verdict.

*Declaration: Objection of form cured by verdict.* One who chooses not to demur, cannot, after having taken the chance of a trial of fact, turn his adversary around upon an objection which, in so far as it has any merit, is one rather of form than substance.

*Criminal process: Civil redress: Extortion: Securities.* An employment of criminal process to obtain civil redress is a misuse of process and a fraud upon the law: and securities procured under the pressure of such a proceeding, by the party promoting it, cannot lawfully be enforced.

*Charge to the jury: Extortion by criminal process.* A charge to the jury, which takes away from them the consideration of evidence tending to show that the undertaking sued on was procured by such extortion, is erroneous.

*Heard January 15.    Decided April 9.*

Error to Wayne Circuit.

The agreement declared upon, and referred to in the opinion, is as follows:

"Whereas, heretofore to wit, on or about the 7th day of November, 1867, Jefferds Price sold and delivered two horses to Martin Seiber, of Detroit, for one hundred and ninety-six dollars, and also said Jefferds Price gave to said Seiber, his note of twenty dollars, for which he, said Price, received from said Seiber two promissory notes given by Alexander Eaton, jr., for one hundred dollars each, dated the sixth day of October, 1866, payable one year after date at seven per cent., and whereas, it appears and is conceded that the said Alexander Eaton, jr., is a bankrupt, and whereas, also, one George Brooks has endorsed said notes in blank, and the said endorsement is by said Seiber claimed to be a guarantee of the payment of said notes for a valuable consideration, and whereas, it is claimed by said Price that the facts are such that the said notes were of no value to him at the time he received them from said Seiber, and that said Seiber is liable legally to him for the price of his said horses, sold to said Seiber; now, therefore, for the purpose of settling all controversy between the said Seiber and said Price in said matter, and in consideration of one dollar by said Price to him, said Sieber, paid by said Price,

the said Seiber hereby agrees that he will, at his own expense and proper charges, proceed and immediately prosecute said Brooks, whose name is indorsed on said notes, for the same, and proceed with all possible speed to collect the amount thereof from said Brooks, who resides in Detroit, and if the same shall be collected of said Brooks, he will pay over to said Price, one hundred and ninety-six dollars and interest on the same at seven per cent. from the seventh day of November, 1867, on or before the first day of July, 1868; and in case the same shall not be collected and paid over, then the said Seiber agrees that he will pay to said Price the said sum of one hundred and ninety-six dollars and the interest thereon at the rate above mentioned from the sixth day of November, A. D. 1867, the date of said sale of horses, and the said Seiber also agrees to, and does surrender to said Price, for the aforesaid consideration, the note which Price gave him, for twenty dollars."

*S. Larned* and *F. A. Baker*, for plaintiff in error.

*Charles Draper* and *W. N. Draper*, for defendant in error.

GRAVES, J.

This was a suit by defendant in error, on a covenant set out in the declaration, and the first objection is, that a breach is not assigned.

The plaintiff in error contends that his covenant was in the alternative, and that he had the right either to collect the Eaton notes of Brooks, and pay over the agreed sum from the proceeds on or before July 1, 1868, or after the latter date to pay the same sum from his own means, and that the averment of non-payment after July first, did not negative performance through collection of Brooks, and payment out of such collection, but merely negatived the second alternative.

This objection is thought to be untenable.    The stipulation as to proceeding against Brooks was for the sole benefit of Seiber, and merely intended to give him time and opportunity to make the money out of the notes, and it had no other consequence as against Price, who was entitled to the specified amount in any event, than to postpone his right to call on Seiber till the expiration of the time given for the collection.  Seiber was absolutely bound to pay the amount whether he collected the notes or not, and Price was fully entitled to the amount after July first.  The averment indicates that payment had not been made at all.  The breach, it is true, is not assigned with technical nicety, but it is to be regarded as sufficient after verdict.   The plaintiff in error chose not to demur, and he ought not, after taking the chance of a trial of the fact, to be allowed to turn the defendant in error round upon an objection, which, in so far as it has any merit, is one rather of form than of substance.

The only other objection deserving notice is, that the jury were not allowed to pass upon testimony bearing upon the question of illegal obtainment of the covenant.

The record manifests that evidence was adduced, having tendency to show that Seiber was arrested in Detroit and taken to Pontiac on a charge made against him by Price, for false pretenses.    That while he was before the justice on that charge, he gave the covenant in settlement of the transaction out of which grew the very criminal accusation on which he was under arrest, and that he was then immediately discharged.    He, himself, testified that he was told at the time by some one, that if he did not settle they would take him to Jackson.

His counsel, in substance, solicited a charge that if the covenant was given to stifle the criminal prosecution, or if the arrest and imprisonment were caused merely with a

26 MICH.—66.

view to compel settlement, and, in answer to this design, the covenant was made by Seiber to free himself from the arrest, the covenant was void. These requests, as made to the court, were not clearly framed, but we think they were entitled to be understood as asking what we have indicated. They were, however, not only refused, but the jury were in effect told to find for Price. What view the jury might or ought to have taken of this evidence, we cannot decide. But I think they were entitled to pass upon it, and that Seiber had the legal right to claim that they should do so. If he had committed a criminal fraud on Price, the latter had a right to have him prosecuted therefor. If Price had a civil cause of action, he was authorized to bring a civil suit for it. So too, he was entitled to take security. But he had no right to employ a criminal process to collect or enforce his private civil demands. An arrest by legal warrant on a criminal charge to compel the satisfaction of a mere private civil demand, is a misuse of process, a fraud upon the law, and an illegal arrest as respects the party who knowingly and purposely perverts the machinery of the law in that way. And papers obtained under the pressure of such a proceeding by the party promoting it, are at least voidable as against him at the election of the party thus constrained to make them. It was a question of fact in this case upon the evidence, whether the covenant was extorted by the pressure of the criminal prosecution. We cannot say upon the record that it certainly was not.

If the stopping of the prosecution was understood as entering into or forming any part of the consideration of the covenant, or if Price resorted to the criminal prosecution to obtain civil redress, and accordingly did, by means of the pressure of such prosecution, obtain it in the shape of the covenant, or if Price made the criminal prosecution a handle for getting the covenant, and thereupon Seiber

gave the paper as a measure to exonerate himself from the proceeding so used against him, and would not have given it otherwise, it was enough certainly to invalidate the instrument as between the parties, at Seiber's election. Upon this subject the jury have had no chance to speak, and we think on that account there ought to be another trial.

The judgment must, therefore, be reversed, with costs, and a new trial ordered.

The other Justices concurred.