Norris v. The Colorado Turkey Honestone Company.

1. Appellate Practice—Exceptions.

In the absence of an exception to the final judgment, the evidence will not be reviewed for the purpose of determining its sufficiency to support the findings and decree.

2. Equity—Reformation.

A reformation of a deed will never be decreed when the effect would be to compel a conveyance from the grantor of something not originally intended to be conveyed.

3. Same—Parties.

An assignee of property ordinarily takes it subject to all the obligations and liabilities and is clothed with all the rights which attached to it in the hands of the assignor, and will be subrogated to all the rights of the assignor in the property, even though they are not mentioned in the conveyance. But, generally, a right of action for conveying, as the result of a mutual mistake, land other than that intended by both parties to be conveyed, will not enure to a purchaser whose deed merely described the property as it was described in the deed to his grantor.

*Appeal from the District Court of Jefferson County.*

The appellant, who was one of the defendants below, was the owner of an eighty acre tract of land, being the north one half of the northeast one quarter of section 12, etc., in Jefferson county, Colorado. Through John C. Norris, her agent, a contract of sale was entered into, in her behalf, with William Casey for a forty acre tract of this land, upon which, as it is alleged, were located the mouth of a cañon, a building site for a hotel, and a large and valuable honestone quarry. Casey afterwards assigned to William L. Durbin a one half interest in the contract.

The complaint in this case alleges that John C. Norris, as the defendant's agent, went with Casey upon this eighty acre tract, and represented to him that he knew the government corners of the same, and pointed them out to Casey upon the ground in such a way that the said mouth of the cañon, building site, and honestone quarry thereby appeared

to be situate within the northwest one quarter of said north-
east quarter of section 12.   To carry out the contract, a deed
dated August 10, 1891, was executed to Casey and Durbin,
and by a mutual mistake, resulting from the acts of vendor's
agent and the reliance upon the same by the grantees, this
instrument evidencing the transfer described the land con-
veyed as the northwest one quarter of the northeast one
quarter of section 12; and that the said Casey and Durbin,
believing that the said description included the particular
parcel of land which they desired to buy, took the deed of
conveyance, and paid their money therefor.

About the same date Casey and Durbin conveyed an un-
divided one third interest in said land to I. B. Porter, and
on the 11th day of September, 1891, Casey, Durbin and Por-
ter conveyed the same land (viz, the northwest one quarter
of the northeast one quarter of section 12) to the plaintiff in
this case, The Colorado Turkey Honestone Company.

The complaint further alleges that within a short time
after plaintiff discovered this mistake, this suit was brought,
the object of which is to reform said deed of conveyance, and
make it speak the contract and intention of the parties, so
that the deed, as reformed, may describe a forty acre tract
of land embraced within said eighty acre tract, and within
whose boundaries are situate the mouth of the cañon, the
building site, and the honestone quarry.   Casey, Durbin and
Porter were made defendants with Mrs. Norris, and they
answered disclaiming any rights in this land adverse to the
rights of the plaintiff, and consenting to any decree the court
might make respecting them.

The defendant Norris answered, denying all the material
allegations of the complaint, and upon trial to the court with-
out a jury all the issues of fact made by the pleadings were
found by the court in favor of the plaintiff.   A decree was
entered reforming said deed, making it so read that out of
the eighty acre tract of land which formerly had been owned
by appellant a forty acre tract was carved, including a por-
tion of both forty acre tracts as subdivided by the govern-

ment survey, and vesting the title thereto in the plaintiff company. This reformed deed included all of said eighty acre tract except a strip of land containing about eight acres on the westerly end of the eighty acre tract and a strip of about thirty-two acres upon the easterly end thereof, which two noncontiguous tracts the court, by its decree, awarded to Mrs. Norris. From this decree she has appealed to this court.

Mr. O. B. LIDDELL, for appellant.

Mr. JOHN A. PERRY, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

A number of errors have been assigned by the appellant relating to the rulings of the court upon the admissibility of evidence, to the insufficiency of the evidence to sustain the findings and decree, to the insufficiency of the complaint, and to the denying of appellant's motion for a nonsuit.

The contention of appellee is that we cannot review the evidence for the purpose of determining its sufficiency to support the findings and decree, because appellant saved no exception to the final judgment. This court has repeatedly so held, and the authorities are collected in the case of *Jerome v. Bohm*, 21 Colo. 322.

We are not satisfied that the complaint sets up with sufficient precision such a mutual mistake as would entitle the original grantees to a reformation of the deed, or that it clearly appears that the strip of land described in the complaint was, as a matter of fact, intended to be conveyed by the grantor; but, on the contrary, giving to the complaint the utmost plaintiff can claim, we are of opinion that the appellant never intended to convey anything but the northwest quarter of the northeast quarter of section 12,—certainly never intended to convey a forty acre tract carved out of the larger tract, disregarding entirely the government subdivisions.

Such being the case, merely because of the alleged fraudulent representations made by the appellant that the hotel site, quarry and mouth of the cañon were within this forty acre tract so conveyed, plaintiff had no right to a deed for an *entirely different forty acre tract out of the larger tract* including these desired things.    For such fraud, if established, it is true, there is a remedy, but it is not a reformation of the deed, which, in effect, is to compel a conveyance from the grantor of something which she never intended to convey, as a punishment for her alleged misrepresentations, but rather the remedy is a rescission of the contract or a suit for damages by the grantees against their grantor.    There are, however, other insufficiencies in the complaint which bar a recovery.

The action, as stated, is founded upon a mutual mistake of the grantor, Norris, and her grantees, Durbin and Casey, whereby a forty acre tract of land was conveyed which it was neither the intention of the grantor to sell, nor of the grantees to buy, but the real intent and purpose was, on the one side to sell, and on the other to buy, a forty acre tract of land including "the mouth of the cañon, the quarry, and the building site."

In her deed to Casey and Durbin there was described as the subject of the grant the northwest quarter of the northeast quarter of section 12.    In conveying to Porter, Casey and Durbin described the same tract which was mentioned in the deed to them, and in the deed from these three to the appellee company the same description is found.    If, as is claimed, by conduct which, in law, is a fraud upon the part of appellant, her grantees paid their money, and took a deed, for land different from, or of less value than, that which both parties intended should be transferred, these grantees have their remedy against their grantor.    If this right of action, whatever it may be, is assignable at all, it cannot be transferred merely by a conveyance of the land, and it is not one of the implied covenants of the deed; for such right to sue is not a covenant running with the land, but is personal.

Hence, to effect an assignment, there must be employed apt and appropriate words.

There is no claim that this right, or cause, of action was ever assigned, as such, by appellant's immediate grantees to the appellee; but, on the contrary, the theory of the complaint is that this right of action passed from appellee's grantors to it as a covenant running with the land. But such is not the law.

It is doubtless true, as a general rule, that the assignee of property takes it subject to all the obligations and liabilities, and clothed with all the rights, which attach to it in the hands of the assignor; and that a purchaser ordinarily will be subrogated to all the rights of the vendor in the property, even though they are not expressly conveyed to him. Broom's Legal Maxims (8th ed.), 472; Sheldon on Subrogation, sec. 34.

But the facts of this case do not bring it within the application of the foregoing authorities. A grantee's cause of action against his grantor for such misrepresentation as was made by the appellant in this case is a personal one, and does not pass to any subsequent purchaser from the grantee. Ordinarily, a mere right of action which has become vested in his grantor, such as an action for deficiency in the quantity of the land, or (as in this case) an action for conveying, as the result of a mutual mistake, land other than that which it was the intention of both parties should be conveyed, and which entitles the vendor to an action against the original owner for such deficiency, or such mistake, will not extend to the purchaser whose deed merely describes the same land as conveyed to his original grantor. Sheldon on Subrogation, sec. 37; *Collins v. Suau*, 7 Robt. (N. Y.) 623; *Willoughby v. The Middlesex Co.*, 8 Metc. 296; *Lawrence v. Montgomery et al.*, 37 Cal. 183; *Davis v. Clark*, 33 N. J. Eq. 579; *Chambliss v. Miller*, 15 La. Ann. 713.

The mere fact that the appellant's grantors are defendants here, and in their answer disclaim any rights adverse to appellant, is not equivalent to an allegation of an assignment

to it of their rights, nor does it supplement the complaint so as to make it complete in this respect. An examination of the answer shows that this defect in the complaint is not thereby cured.

There can be no pretense in this case that the plaintiff's grantors at the time they purchased from the appellant were acting for it, or in its behalf. It was incorporated after these transactions took place, and there is nothing in the record to show that its formation was contemplated at the time of the original transfer, nor that it has any rights other than, or different from, those of any other grantee under a deed of conveyance.

Because of the insufficiency of the complaint the decree below cannot stand. The judgment and decree should, therefore, be reversed and the cause remanded, and it is so ordered.

*Reversed.*