PORTER v. BROOKS et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 14, 1913.)

1. INSANE PERSONS (§ 61*)—DEED.

The deed of an insane person is not void but only voidable, since it may have been executed during a lucid interval, or ratified on the incompetent's regaining sanity.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 93–99; Dec. Dig. § 61.*]

2. INSANE PERSONS (§ 66*)—DEED—RIGHT TO ATTACK—PERSON IN PRIVITY OF TITLE.

One who was only in privity of estate to an alleged insane grantor, who was the common source of title, and was neither his executor, administrator, committee, guardian, or ward, could not attack such grantor's deed for alleged incapacity.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 100–102, 104, 105; Dec. Dig. § 66.*]

Appeal from District Court, Callahan County; Thos. L. Blanton, Judge.

Trespass to try title by J. N. Porter against E. H. Brooks and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Eugene De Bogory, of Abilene, W. L. Grogan, of Jefferson, and J. W. Moffett, of Abilene, for appellant. W. L. Morris, of Albany, and Otis Bowyer, of Baird, for appellees.

SPEER, J. This is an action of trespass to try title, brought by appellant J. N. Porter to recover from the appellees a part of the W. G. Anderson Survey No. 777 in Callahan county. The defendants pleaded the general denial, not guilty, the statutes of three and five years limitations, and answered specially, alleging they had bought the land at sheriff's sale upon a tax foreclosure, and prayed in the alternative to recover double the amount of their bid at such sheriff's sale, and further to recover for the improvements made in good faith. The case was tried by the court, who made findings of fact, upon which judgment was rendered for the defendants.

The findings of fact are quite lengthy, and in many respects are attacked by proper assignments. It is unnecessary to notice these attacks, however, in view of the fact that the case must be reversed for the court's rulings on evidence. A cursory examination of the record indicates that some of the findings complained of have no support whatever in the evidence. But, as already indicated, this is immaterial. Appellant claims through a deed from John R. Yarborough the common source of title. When he offered this instrument in evidence, it was objected that its execution had not been proven, an affidavit of forgery having been filed, whereupon appellant introduced several witnesses who testified to its execution. The trial court, nevertheless, still refused to admit it, and his reasons therefor perhaps appear in his findings of fact, to the effect that, at the time the said Yarborough executed the deed, he was in such a condition by reason of advanced age and serious illness as to be utterly incapable of executing a valid instrument.

[1] There is abundant evidence to sustain this finding of fact; but the admission of this evidence is itself complained of, and we think the complaints must be sustained. It probably is true that appellees, under their plea of not guilty, would be entitled to attack the conveyance through which appellant claims upon the ground of mental incapacity of the grantor, if they themselves sustained the proper relation to the grantor. Barth v. Green, 78 Tex. 678, 15 S. W. 112. Now it is well settled that the deed of an insane person is not void (as held by the trial court in this case) but only voidable. Pearson v. Cox, 71 Tex. 248, 9 S. W. 124, 10 Am. St. Rep. 740; Williams v. Sapieha, 94 Tex. 430, 61 S. W. 115. It may have been executed during a lucid interval, or may be ratified upon the incompetent's regaining his sanity.

[2] But this distinction is itself, perhaps, unimportant, if appellees are in a position to assert the invalidity of appellant's deed. Mr. Devlin, in his work on Deeds, vol. 2, par. 75, says: "Strangers and persons who are merely the privies in estate of the grantor have not the right of avoiding a voidable deed. But it may be rescinded by the grantor himself, when restored to reason, or by his executor, administrator, committee, guardian, or his heirs." The text appears to be supported by the authorities cited, to which might be added Vogel v. Zuercher, 135 S. W. 737, and Hunt v. Rabitoay, 125 Mich. 137, 84 N. W. 59, 84 Am. St. Rep. 563, in which latter case it is said: "They (complainants) are neither privies in blood, nor are they the legal representatives of Marie Louise Viger, and only these two classes can avoid the deed of an insane grantor."

The court erred in admitting the evidence of various witnesses tending to show the mental incapacity of appellant's grantor, for the reason that such evidence was immaterial and irrelevant to any issue in the case; appellees, being at most only privies in estate to the grantor, were not in a position to assert the invalidity of such deed. It, of course, necessarily follows that the court also erred in excluding the deed. Its execution was proved, it was sufficient in form, it appeared to pass the legal title to appellant, and its exclusion could not be other than harmful to appellant.

Since the trial court based his judgment expressly upon the plaintiff's failure to show title, and since, as already intimated, the evidence does not support some of his findings upon the issues of limitations, upon which, however, he refused to predicate his judgment, the cause will be remanded for another trial upon all issues.

Reversed and remanded.