**KINNEAR v. TOLBERT et al.    (No. 2884.)**

(Court of Civil Appeals of Texas. Texarkana. June 12, 1924. Rehearing Denied June 19, 1924.)

**1. Mortgages 32(1)—Deed intended as security not made absolute by reacknowledgment.**

Where deed by husband and wife, in fact given as security, was void for lack of proper acknowledgment under Const. art. 16, § 50, and Vernon's Sayles' Ann. Civ. St. 1914, art. 1115, a proper reacknowledgment did not operate to pass title so as to give the grantee absolute title.

**2. Deeds 77—Owner of void mortgage cannot recover against subsequent grantee because of duress on mortgagor.**

The reacknowledgment of a deed, given as security, void because not properly acknowledged, gives the grantee no right to recover the land as against those claiming under deed from the grantor prior to the reacknowledgment, because of duress by the subsequent grantee, since duress can be pleaded only by the party upon whom it was exercised and whom it influenced.

**3. Deeds 76—Deed obtained by duress voidable, and not void.**

A deed obtained by duress is voidable, and not void.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by T. P. Kinnear against A. T. Tolbert and others. From judgment for defendants, plaintiff appeals. Affirmed.

Simpson, Lasseter & Simpson, of Tyler, for appellant.

Butler, Price & Maynor, of Tyler, for appellees.

WILLSON, C. J. This was a statutory suit of trespass to try title, brought by appellant against appellees, which resulted in a judgment in favor of the latter. The land in controversy was 50 acres of the G. W. Slaughter survey in Smith county, constituting the homestead of appellees A. T. Tolbert and his wife July 31, 1918, when they undertook to convey it to appellant by an instrument of that date purporting to be a deed. The consideration for the conveyance was $1,000 cash, and "the rents accruing on the land for the years 1919 and 1920," according to recitals in the instrument; but the jury found, in response to a special issue submitted to them, that the real consideration was indebtedness of the Tolberts to Kinnear and that the conveyance of the land to Kinnear was to secure such indebtedness. The execution of the instrument was acknowledged by the Tolberts, on the day of its date, before Kinnear as a notary public. The Tolberts afterwards, by a deed dated December 15, 1920, conveyed the land to appellee J. F. McClung, who by a deed dated March 17, 1922, conveyed it to appellee J. E. McClung, who conveyed it to appellees A. A. King and S. G. Andrews. After the land was conveyed to J. F. McClung and then to J. E. McClung as stated, to wit, on April 13, 1922, the Tolberts appeared before one S. F. Jordan, a notary public, and each of them again acknowledged the execution of the instrument referred to above as dated July 31, 1918, and as purporting to be a conveyance of the land by them to Kinnear.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Conceding the land was the homestead of the Tolberts, and that he could not as a notary public take their acknowledgment to the instrument dated July 31, 1918, and, therefore, that that instrument was void (section 50, article 16, of the Constitution; article 1115, Vernon's Sayles' Ann. Civ. St. 1914; De West v. Barthelow [Tex. Civ. App.] 136 S. W. 86;  Rothschild v. Daugher, 85 Tex. 332, 20 S. W. 142, 16 L. R. A. 719, 34 Am. St. Rep. 811), appellant contended in the court below that the instrument nevertheless became operative, as ' a conveyance when it was reacknowledged April 13, 1922, as stated; and, contending further (quoting from his brief) "that the deed from A. T. Tolbert et ux. to J. F. McClung, acknowledged on December 16, 1921 (dated December 15, 1920), was procured by force, threats, intimidation, and abuse, was not a voluntary conveyance, and was therefore void, and that J. E. McClung, subsequent vendee of J. F. McClung, had knowledge of the infirmity and invalidity of the deed to J. F. McClung, and that the deed from J. E. McClung to A. A. King and S. G. Andrews was a simulated conveyance," insisted that he was entitled to recover the land.

The trial court was of the opinion, it seems, that the reacknowledgment of the instrument dated July 31, 1918, as stated, had no effect if the parties at the time it was executed agreed that it should create "a lien to secure indebtedness" of the Tolberts to appellant; and, the jury having answered, in response to a special issue submitted to them, that the Tolberts and appellant so agreed, that court rendered judgment denying appellant any relief.

As we understand the contention of appellant here it is, substantially, that the instrument of July 31, 1918, being void, the reacknowledgment thereof April 13, 1922, did not relate back to the date the instrument was executed, and therefore that the legal effect of the reacknowledgment was to cause the instrument to operate from the date of such reacknowledgment as an entirely new deed duly executed at that time would have operated. There being no evidence, it is asserted that the relation of debtor and creditor then existed between appellant and the Tolberts, nor any evidence of an agreement on the part of appellant then entered into to reconvey the land to the Tolberts, it is insisted that the title the Tolberts had to the land passed to appellant April 13, 1922, the date of the reacknowledgment of the instrument referred to.

As supporting his contention appellant quotes from 13 R. C. L. 1323, as follows:

"Since a married woman's deed is void when not executed as required by the statutes, her confirmation of it after coverture (discoverture?) renders it effective only from the time of its confirmation; the doctrine of relation does not apply in such a case as there can be no relation to a void act for the purpose of giving it effect ab initio."

The author of the article from which the quotation is made cites Doe v. Howland, 8 Cow. (N. Y.) 277, 18 Am. Dec. 445, as authority for the statement. A difference between that case and this one lies in the fact that in that one the instrument declared to be void, because not acknowledged by the wife, was intended by her and her husband, when they originally executed it, to operate as a deed; while in this one, according to the finding of the jury, the instrument here in question was intended to operate as a mortgage only. The effect of the holding in that case was to carry out the intention of the parties, while the effect of a like ruling in this case would be to defeat their intention. We so say because there is nothing in the record before us indicating that the intention of the parties at the time the instrument in question was reacknowledged was different from their intention at the time the instrument was executed July 31, 1918. We think the fair inference from the absence of anything showing a change in the intention of the parties is that there was no change, and that when the Tolberts reacknowledged the instrument April 13, 1922, they did not intend that it should thereafter operate as an absolute conveyance, but only that it should continue to operate as they originally intended it should; that is, as security for indebtedness they owed to appellant. If a finding to that effect should be regarded as necessary to support the judgment, it should be assumed that the trial court made such a finding, for the testimony warranted it.

[2, 3] What has been said has been on the assumption that the title to the land did not pass to J. F. McClung from the Tolberts by their deed to him dated December 15, 1920, because of duress practiced on them by said J. F. McClung, and the further assumption that, if duress was practiced upon the Tolberts, appellant had a right to set such duress up as a reason why he should recover the land. The latter assumption was not warranted, we think. A deed obtained by duress is voidable only and not void, and the general rule is "that duress can be pleaded only by the party upon whom it was exercised and whom it influenced." The only exception to the rule seems to be in favor of a surety, who, it is said, "may avail himself of the defense that the contract was extorted from his principal by duress, provided that he signed the obligation without knowledge of the duress." Black on Rescission and Cancellation, §§ 224, 225; 1 Elliott on Contracts, §§ 142, 161; 1 Page on Contracts, § 266. The law being as stated, it seems that appellant was not entitled to recover the

land, even if the effect of the reacknowl-edgment of the instrument dated July 31, 1918, was as claimed by him.

The judgment is affirmed.