D. J. GLENNEY, III, Appellant,

v.

Bess Burkitt CRANE, a Feme Sole, Appellee.

No. 13817.

Court of Civil Appeals of Texas.

Houston.

Oct. 26, 1961.

On Motions for Rehearing Nov. 30, 1961.

Second Motion for Rehearing Overruled Jan. 4, 1962.

Fred Parks, Donn C. Fullenweider, Houston, for appellant.

Kelly & Ryan, C. O. Ryan, Houston, for appellee.

COLEMAN, Justice.

D. J. Glenney, III, plaintiff in the trial court, appeals from the judgment of that court which granted the defendant, Bess Burkitt Crane, a summary judgment.

On May 22, 1950, Joe Glenney, Jr., allegedly under duress, deeded certain real estate to appellee. On November 6, 1957, Joe Glenney, Jr., deeded the same real estate to his son, appellant herein. By affidavit attached to his answer to appellee's motion for summary judgment, appellant alleges that the consideration for this deed was his agreement (1) to pay his father $200.00 to $300.00 monthly for life,

(2) to hire attorneys to institute and prosecute a suit to cancel the deed to appellee, (3) $10.00 in cash, and (4) love and affection.

On December 15, 1959 appellee recovered a judgment against Joe Glenney, Jr. in the sum of $110,399.30 by reason of his default in the payment of certain promissory notes dated June 1, 1950, and executed on or about that date. On January 6, 1960, appellee assigned this judgment to George W. Burkitt, who caused execution to issue. By deed dated March 1, 1960, the Sheriff of Harris County, by virtue of this execution, granted, sold and conveyed to George W. Burkitt all of the right, title and interest of Joe Glenney, Jr. in and to the same real estate previously conveyed by Joe Glenney, Jr., as above recited.

This is a suit by appellant against appellee to recover title to this same tract of land and to set aside the deed from Joe Glenney, Jr. to appellee on the ground that it was procured by duress and alternatively, that the deed was intended by the parties as a mortgage to secure indebtedness.

Appellee contends that the deed from Joe Glenney, Jr. to appellant was, as a matter of law, void as to prior creditors of Joe Glenney, Jr. under the terms of Art. 3997, R.C.S., in that it was not made upon consideration deemed valuable in law. There is no contention that Joe Glenney, Jr. was at that time possessed of property within this state, subject to execution, sufficient to pay his existing debts. Appellee's contention, that by reason of the sale under execution appellant no longer has any interest in the land, constituting the subject matter of this suit, which would entitle him either to set aside the conveyance of May 22, 1950, or to have it reformed and declared to be a mortgage, was sustained by the trial court and the summary judgment granted.

 The first question to be determined is whether or not the consideration for the deed of May 22, 1950, was one deemed valuable in law. If there was not such a consideration for this deed, it was void as to appellee, a prior creditor, and the property was subject to sale under execution without first bringing a suit to set it aside. Snow v. Harding, 180 S.W.2d 965, Tex.Civ.App., error ref. Under Art. 3997, supra, proof of actual intent to defraud is not necessary to render a conveyance void. First State Bank of Mobeetie v. Goodner, 168 S.W.2d 941, Tex.Civ.App. However, if a conveyance is made with actual intent to delay, hinder or defraud creditors, it is void as to such creditors even though a consideration deemed valuable in law is paid, if the grantee knows of the grantor's fraudulent purpose. Art. 3996, R.C.S., Vernon's Ann.Civ.St. Art. 3996; Chauncey v. Gambill, 126 S.W.2d 775, Tex.Civ.App., writ dism., judg. correct.

 Ten ($10.00) dollars cash, or love and affection, or both, are not consideration deemed valuable in law. Ramsey v. Abilene Building & Loan Ass'n, 57 S.W.2d 877, Tex.Civ.App. The agreement to hire attorneys to institute a suit could not constitute a consideration deemed valuable at law as against prior creditors since no benefit would accrue to the grantor by reason either of the hiring of the lawyers or by the successful prosecution of the suit. Such a consideration could not be applied by the grantor to the payment of his debts.

 The payment of one creditor in preference to another by a transfer of property has been held a consideration valuable in law. Adams v. Williams, 112 Tex. 469, 248 S.W. 673. However, the value of the property transferred cannot be greater than reasonably necessary to pay the debt. Quinn v. Dupree, 157 Tex. 441, 303 S.W.2d 769. Where a conveyance of property in settlement of a debt was made by a father to his son, it was held that the transaction was not void by reason of Art. 3997, R.C.S.; Chauncey v. Gambill, supra.

■ For a consideration to be one deemed valuable in law, it must be substantially equal to the value of the property conveyed. O'Banion v. Henry, 128 Tex. 59, 96 S.W.2d 233, opinion adopted. Appellant in his affidavit says that he agreed to pay his father not less than $200.00 each month for life. The value of such a contract could be proven by competent evidence. While Joe Glenney, Jr. testified that the property was worth at least $1,000,000.00, there was no testimony as to the value of his equitable right to the property, or of the value of his right, title and interest, if any, therein. The record shows that at the Sheriff's sale the highest bid was $500.00.

■ In Pattison v. Highway Insurance Underwriters, Tex.Civ.App., 292 S.W.2d 694, 699, ref., n. r. e., this Court held: "The cases make it plain that in summary proceedings the burden rests heavily upon the moving party to negative *conclusively* the existence of a genuine issue in regard to some *controlling fact* entitling the movant to judgment." (Emphasis supplied.) On this issue the movant has not sustained that burden.

Appellant contends that the court erred in holding that the Sheriff's deed to the right, title and interest of D. J. Glenney, Jr. in the Jackson E. Bundick Survey conveyed *his cause of action to set aside the* deed of May 22, 1950, on the ground of duress. Since this question would probably arise on a new trial, we will consider the assignment.

In Jensen et al. v. Wilkinson et al., 133 S.W.2d 982, 986, Tex.Civ.App., *writ ref.,* judg. correct, Justice Cody of this Court, after a careful review of applicable authorities, stated (on motion for rehearing):

"As appears from the Chase case, Chase v. [York County Savings] Bank, 89 Tex. 316, 36 S.W. 406, 32 L.R.A. 785, 59 Am.St.Rep. 48, cited in our original opinion, not every interest in property was subject to execution at common law. Equitable interests and estates were not subject to execution for the technical reason that a writ of execution issued only from law courts where equitable interests were not cognizable. This technical obstacle to subjecting equitable interests to execution, as appears from our original opinion, was removed by an act of Parliament passed in the reign of Charles II. This act resulted in making the property of a defendant in judgment, which he held by equitable title, subject to execution; *it did not make mere equities, by which a defendant might acquire title to property or receive other relief, subject to execution, or expressed perhaps more conventionally, the act aforesaid subjected to execution property held by a defendant-in-judgment by a present vested equitable right, but did not affect equitable rights which were not vested in possession but lay only in action, and which could become vested only after judgment had thereon.* From the Chase case it is evident to us that our Supreme Court regards the aforesaid act of Parliament as forming a part of the common law of England relative to executions, and which was adopted as the rule of decision by the Legislature." (Emphasis ours.)

In Brinkman v. Tinkler, 117 S.W.2d 139, 141, Tex.Civ.App., writ ref., Justice Slatton stated:

"It is undoubtedly true that a mere equity in land is not subject to a writ of execution, yet we are of the opinion that a suit may be brought for the purpose of subjecting property owned by a judgment debtor to the payment of his debt. Chase v. York County Savings Bank, 89 Tex. 316, 36 S.W. 406, * * *."

■ While the statements quoted from these cases might be characterized as dicta, we feel that great weight must be accorded the interpretation given to the Chase case,

supra, by these distinguished judges. Accordingly, we hold that the sale under execution was ineffective to transfer the right of Joe Glenney, Jr. to bring suit to set aside on the ground of duress the deed of May 22, 1950. Kinnear v. Tolbert, 262 S.W. 900, Tex.Civ.App., writ dism.

Appellee has suggested that if the right discussed above is not subject to sale under execution, then it is not assignable and therefore appellant has no standing to bring this suit and the judgment of the trial court should be affirmed. This contention is given weight by the statement appearing in Gregg v. First National Bank, 26 S.W.2d 179, 181, Tex.Com.App.:

> "He possessed such an interest in the property as might be transferred by assignment, consequently it was subject to sale under execution. (citing authorities) "

In Moser v. Tucker, 87 Tex. 94, 26 S.W. 1044, 1045, the court said: "It must be conceded that no property or interest in property is subject to sale under execution or like process unless the debtor, if sui juris, has power to pass title to such property or interest in property by his own act." However, the court stated further:

> "It is not, however, every interest in property a debtor may have right to or to acquire that may be subjected to sale under execution or otherwise for payment of his debts, for in many instances his right is so remote and contingent that it is deemed more likely to subserve the ends of justice not so to subject it than to take the risk of sacrifice of contingent right by procedure which will most likely be of no practical benefit to the creditor, or may be ruinous to the debtor."

■ The right to set aside a deed on the ground of fraud or duress is not a right to recover real estate. It has been characterized as a personal action. Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025, opinion adopted. Since it is not an interest in real estate, such a cause of action would not pass as an incident to a deed attempting to convey real estate. We are aware that the Supreme Court of Texas, in Free v. Owen, 131 Tex. 281, 113 S.W.2d 1221, 1224, opinion adopted, construed the phrase "right of action for the recovery of real estate" as used by the Legislature in enacting Art. 5519, R. C. S., to mean "an action of any character where the relief sought, if granted, would have effect to dispossess the defendant of land or to invest the complainant with title to land, including the incidental right of possession." This definition would include actions such as the one which concerns us here. However, that case cited Deaton v. Rush, supra, and did not purport to overrule it. The court determined that in order for the statute to accomplish the result intended, that phrase, *as used therein,* must have been intended to include all causes of action a successful assertion of which might result in defeating a title to real estate. Our conclusion that a cause of action to cancel a deed does not constitute legal or equitable title to land, and, therefore, is not an interest in real estate recognized by law, is supported by many cases holding that such a cause of action may not be asserted in the statutory action of trespass to try title. Tijerina v. Tijerina, 290 S.W.2d 277, Tex.Civ.App.; Friend v. McComb, 87 S.W. 2d 767, Tex.Civ.App.

In Kinnear v. Tolbert, supra [262 S.W. 901], the court stated: "Duress can be pleaded only by the party upon whom it was exercised and whom it influenced." In 17-A Amer.Jur., Duress and Undue Influence, § 19, p. 583, we find this statement:

> "As a matter of fact, however, duress, like fraud, rarely becomes material as such, except where a contract or conveyance has been made which the maker wishes to avoid, and it is the well-established general rule that in such cases the duress inducing the making, while rendering the contract or conveyance voidable at the option of the person coerced, does not render it absolutely void, and it is susceptible of

ratification express or implied. It is, like other voidable contracts, valid until it is avoided *by the person entitled to avoid it."* (Italics added.)

In many cases cited in support of the text the right to set aside instruments executed under duress is affirmed qualified by a statement such as: "At the election of the party thus constrained to make them." Seiber v. Price, 26 Mich. 522, cited in Thompson v. Niggley, 53 Kan. 664, 35 P. 290, 26 L.R.A. 803, or "* * * at the election of him whose act was induced by it." Barnette v. Wells Fargo Nevada Nat. Bank, 270 U.S. 438, 46 S.Ct. 326, 328, 70 L.Ed. 669.

In the case of Smith v. Carter, 45 S.W. 2d 398, 400, Tex.Civ.App., writ dism., the court said:

"And even if the execution of the deed to plaintiffs may have been influenced by fraud or duress on the part of others acting in the benefit of the plaintiffs, the deed would not be void, but merely voidable, and could be avoided only by Mattie Smith upon whom it was exercised and whom it influenced."

In Porter v. Brooks, 159 S.W. 192, Tex. Civ.App., Justice Speer, speaking for the court, held that one who was only privy in estate to the grantor was not in a position to assert the invalidity of a deed allegedly invalid by reason of the insanity of the grantor, that right existing only in the grantor, his heirs or legal representatives.

Appellant in the affidavit attached to his answer to the motion for summary judgment set out facts showing that in addition to the conveyance made to him by his father, the cause of action to set aside the deed was specifically assigned to him. However the same rule of law applies. Meiners v. Texas Osage Cooperative Royalty Pool, 309 S.W.2d 898, Tex.Civ.App., ref., n. r. e.; Whitney v. Kelley, 94 Cal. 146, 29 P. 624, 15 L.R.A. 813. "The right of rescission is considered to be a personal one which may be exercised only by the party upon whom

the fraud is perpetrated, and to be not assignable." 4 Amer.Jur., Assignments, § 39, p. 258.

Appellant's alternate cause of action, that the deed attacked was intended as a mortgage, is an assertion of equitable title and, therefore, is subject to sale under execution. Hein v. Debusk, Tex. Civ.App., 265 S.W. 753, aff'd Tex.Com. App., 277 S.W. 1053; Tijerina v. Tijerina, supra.

Although we have determined that appellant's cause of action based on duress is not available to him, he is entitled to a trial on the merits on his contention that the deed from his father to appellee was intended as a mortgage, unless it be determined on retrial that the deed to him from his father is void by reason of Arts. 3996 or 3997, R.C.S.

Reversed and remanded.

On Motions for Rehearing

Motions for rehearing have been presented by both appellant and appellee. Appellant attacks our holding that a cause of action to set aside a deed on the ground that it was executed under duress is not assignable. On reconsideration of this question, we are of the opinion that the cases cited in our original opinion do not require the holding that an express assignment of such a cause of action is invalid. The questions with which we are concerned are discussed by the annotator in 110 A.L.R., pp. 850–853, as follows:

"The general conclusion to be drawn from the cases is that the right to sue for the rescission of a voidable transaction (and, apparently, the right to rescind out of court) may be assigned, either by implication or by direct words, where the right is incidental to some property interest passing from assignor to assignee.

"However, the cases are in a somewhat confusing condition with ref-

erence to the question as to when the assignee (by implication or otherwise) of a right to rescind can be regarded as acquiring, or having, a property interest sufficient to sustain the assignment. If a third party has, through a voidable transaction, acquired real or personal property, and the one thus out of possession has effectually declared an election to rescind, and tendered restoration, etc.,—so as, in legal contemplation, to have rescinded the transaction,—legal title to the property is generally regarded as revesting in the latter, so that, at least according to the modern view, and in the absence of statutes affecting the case, he may transfer the property to another, who may maintain a suit to recover it. In such a case the right to rescind is, of course, not assigned, but merely the reacquired title, together with the incidental right to enforce the rescission theretofore declared.

"On the other hand, where there has been no effectual exercise of the right to rescind, and the transaction is merely voidable (of course, if the transaction were actually void, a rescission would be unnecessary, and probably impossible, in the legal sense), it seems that, in strictness, the one who parted with the property, although perhaps potentially the owner of it, has in fact no present title, nothing which conceivably he can transfer other than the right to rescind, or to sue for a rescission, and to reappropriate the property following rescission.

"It may be well to observe at this point that most of the cases give support to the proposition that a mere naked right to rescind or to sue for a rescission is not assignable. At the same time it should be noted that the general harmony of the cases in support of that proposition has not resulted in a corresponding harmony in concrete rulings; for different meanings are given to the proposition. Some of the decisions take the view, to which reference has already been made, that, before rescission occurs, the one who parted with property under a merely voidable transaction has no title thereto to assign, and hence, as is held, cannot assign the right to rescind or to sue for rescission, even though, in form, he conveys to the assignee his interest in the property, and intends thereby to part with all claim to the beneficial interest therein.

"Other decisions, on the contrary, particularly the later ones, uphold the assignability of the right to rescind a voidable transaction, where, by implication or otherwise, the assignment occurs in connection with an intended transfer of the property in the hands of the third party, or the right thereto upon rescission being accomplished. And even where the assignment is, in form, merely of a 'claim' or cause of action, it is, by some courts, upheld, if regarded as carrying with it the beneficial interest, or, as is sometimes held, a share therein. This view may, of course, be said to ignore the distinction between void and voidable transactions, but it has the virtue of being based upon practical considerations, and does not lose sight of the fact that, in the last analysis, the whole question of assignability of choses in action is one of public policy."

In Edmonds v. White, Tex.Civ.App., 247 S.W. 585, 586, writ ref., the court held:

"Appellants insist that the facts stated showed that the only right acquired by appellee as assignee of the other persons 'was to [the] bare right to file a bill in equity to set aside' the contracts made by said persons with appellants, and they further insist that if it should be held that the assignments operated to pass any other right to appellee they necessarily also operated as an affirmance of the contracts

by the assignors, and that appellee's suit for a rescission of the contracts therefore was not maintainable.

"There is no doubt the rule at common law, enforced in many jurisdictions outside this state, is, as stated in 5 C.J. 892, that—'The assignment of a mere right to file a bill in equity for fraud committed on the assignor is void as being against public policy and savoring of maintenance.'

"The doubt we have entertained is as to whether this state, in adopting the common law (article 5492, Vernon's Statutes), adopted the rule. We have not been referred to and have not found a case decided by a court in this state in which the question had been directly presented. But, looking to the basis for the rule, we think it has been in effect determined that it was never adopted in this state. The rule had its origin in the common-law doctrine of champerty and maintenance (Breeden v. [Frankford Marine Accident & Plate Glass] Insurance Co., 220 Mo. 327, 119 S.W. 576), which, and the reasons for it, are stated at length in 11 C.J. 231 et seq., and 5 R.C.L. 268 et seq. It has been held that the reasons for that doctrine have never existed in this state and that it has never been the law here. Bentinck v. Franklin, 38 Tex. 458; Stewart v. [Houston & T. C.] Railway Co., 62 Tex. 246; Perry v. Smith (Tex.Com.App.) 231 S.W. 340. If that is true, then a basis for the rule never existed in conditions here, and it would be illogical to hold that it is a part of the law of this state. We conclude, therefore, that the contention, so far as it is that appellee was not entitled to maintain the suit because of the rule referred to, should be overruled."

The case of Gray v. Freeman, 37 Tex. Civ.App. 556, 84 S.W. 1105, 1108, held: "The rule is that mere personal actions, such as for slander, libel, assault and battery, false imprisonment, etc., die with the party, but, when the injury affects the estate rather than the person, the action for it may be assigned, and the purchaser can prosecute the action." (Citing cases.)

We think that the Supreme Court of Texas stated the applicable rule in the case of Halbert v. Green, 156 Tex. 223, 293 S.W.2d 848, 851, as follows:

"When respondents executed the quit-claim deed they may have had an equitable right to have the deed of October 29, 1952, reformed precisely as it was reformed by the February 27th deed, but that right did not pass under the quit-claim either. In Thompson on Real Property, Permanent Edition, Vol. 7, § 3748, p. 222, we find the pertinent rule stated in this language: 'The grantee's cause of action to reform the deed is personal to him, and not a covenant running with the land, and will not therefore, without apt words of assignment, pass to a purchaser from the grantee under a deed which describes the same land described in the deed to his grantor.' The rule, as stated, is supported by Norris v. Colorado Turkey Honestone Co., 22 Colo. 162, 43 P. 1024."

We have held that the trial court erred in granting a summary judgment in this case for the reason that the conveyance made to appellant by his father was not shown to be fraudulent as a matter of law. Our review of the authorities cited in this opinion and in our original opinion leads us to the conclusion that the right to sue for rescission of the deed in question would not pass as an incident to the deed by which appellant's father attempted to convey the land to appellant, without an express assignment of the cause of action. It would follow that the sale under execution of D. J. Glenney's interest in the land would not include by implication his cause of action to set aside his deed to appellee. Since this is an appeal

from the action of the court in sustaining a motion for summary judgment, and since appellant in his affidavit stated that part of the consideration for his promise to pay $200.00 or $300.00 each month to his father was the conveyance to him of this cause of action together with all his interest in the land, despite the fact that the deed does not contain an assignment, we think the case must be reversed to afford appellant an opportunity to show that such an assignment was made. Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015, error dism. The existence vel non of such an assignment was not placed in issue by the pleadings or affidavit and, while the burden of proving an assignment rests on appellant at the trial on the merits, the failure to discharge this burden at the hearing on summary judgment does not authorize a judgment for appellee. Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85.

Appellant's motion for rehearing is granted in part, and our original opinion is modified to conform herewith. Appellee's motion for rehearing is denied.